**[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 464.]**

THE STATE EX REL. LARSON, APPELLANT, *v*. CLEVELAND PUBLIC SAFETY DIRECTOR, APPELLEE.

[Cite as *State ex rel. Larson v. Cleveland Pub. Safety Director*, 1996-Ohio-284.]

*Public records—Criminal defendant may not avail himself of R.C. 149.43 to support a petition for postconviction relief.*

(No. 95-1745—Submitted November 7, 1995—Decided February 7, 1996.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 69087.

_____

{¶ 1} In a letter dated December 5, 1994, appellant, Terry Larson, requested certain records from appellee, the Cleveland Public Safety Director. The records apparently pertained to appellant's criminal convictions. In the letter, appellant stated that he had exhausted his direct appeals and was involved in post-conviction proceedings. Subsequently, appellant filed a complaint for a writ of mandamus in the Court of Appeals for Cuyahoga County to obtain the records under R.C. 149.43. Appellee filed a motion to dismiss, which the court of appeals granted. Appellant appeals to this court as a matter of right.

_____

*Terry Larson*, *pro se.*

*Traci M. Hixson*, Assistant Director of Law, for appellee.

_____

***Per Curiam.***

{¶ 2} We affirm the decision of the court of appeals on authority of *State ex rel. Steckman v. Jackson* (1994), 70 Ohio St.3d 420, 639 N.E.2d 83, paragraph six of the syllabus, which states: "A defendant in a criminal case who has exhausted the direct appeals of her or his conviction may not avail herself or himself of R.C.

149.43 to support a petition for postconviction relief. (*State ex rel. Clark v. Toledo* [1990], 54 Ohio St.3d 55, 560 N.E.2d 1313, and its progeny, overruled.)"

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents.

_____