CENTRAL OHIO TRANSIT AUTHORITY, Appellee,

v.

TIMSON, Appellant.

[Cite as *Cent. Ohio Transit Auth. v. Timson* (1998), 132 Ohio App.3d 41.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–509.

Decided Dec. 24, 1998.

44

*Laurence E. Sturtz,* for appellee.

*John W. Timson, pro se.*

TYACK, Judge.

On March 26, 1997, the Central Ohio Transit Authority ("COTA") filed a complaint in the Franklin County Court of Common Pleas against John W. Timson. COTA averred that Timson had engaged in habitual and persistent vexatious conduct against COTA in the previous four years and that Timson was a vexatious litigator as defined in R.C. 2323.52(A)(2) and (3). COTA requested that the trial court, pursuant to R.C. 2323.52, declare Timson a vexatious litigator.

Timson filed an answer, a counterclaim, and a motion to dismiss. Timson's counterclaim alleged negligence and intentional infliction of "mental anguish." On June 6, 1997, the trial court denied Timson's motion to dismiss.

On December 23, 1997, COTA filed a motion for summary judgment, contending that it was undisputed that Timson was a vexatious litigator under R.C. 2323.52. Timson filed a memorandum contra, and COTA submitted a reply.

On March 5, 1998, the trial court rendered a decision, concluding Timson was a vexatious litigator and granting COTA's motion for summary judgment. A judgment entry was journalized on April 3, 1998.

Timson has appealed to this court, assigning the following errors for our consideration:

"Assignment of Error No. I

"The court of Judge Johnson erred in overruling appellant's motion to dismiss for failure to state a claim, under OH Civ Rule 12(B) by reason section 2323.52 ORC vexatious litigator is unconstitutional being in violation of Article I Section 16 Ohio CONSTITUTION and the First and Fourteenth Amendments to the U.S. Constitution.

"Assignment of Error No. II

"The court of Judge Johnson erred in granting a summary judgment to COTA and denying appealants [sic] memo contra summary judgment in violation of the due process provisions of the Fourtteenth [sic] Amendment to the U.S. Constitution."

As a threshold matter, we address the issue of whether there exists a final, appealable order.[1]  As noted above, appellant asserted a counterclaim against COTA alleging, essentially, negligence.  COTA filed an answer to the counterclaim asserting as one defense that appellant was a vexatious litigator.  In its motion for summary judgment, however, COTA addressed only its claim that appellant was a vexatious litigator.  Likewise, the trial court's decision and judgment entry only addressed COTA's claim under the vexatious litigator statute.

Civ.R. 54(B) states that in the absence of a determination that there is no just reason for delay, an order that adjudicates fewer than all the claims does not terminate the action as to any of the claims.  R.C. 2323.52(C) states that the Ohio Rules of Civil Procedure apply to actions under R.C. 2323.52.  In the case at bar, the trial court's judgment entry adjudicated only COTA's claim pursuant to R.C. 2323.52 and did not contain language stating there was no just reason for delay.  Despite the trial court's failure to include the Civ.R. 54(B) language, we conclude that there exists a final, appealable order.

In *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 21, 540 N.E.2d 266, 270–271, the Supreme Court of Ohio stated that even though all the claims were not expressly adjudicated by the trial court, if the effect of the judgment was to render moot the remaining claim(s), then compliance with Civ.R. 54(B) was not required to make the judgment final and appealable.  Here, the trial court granted appellee's motion for summary judgment, finding that appellant was a vexatious litigator and ordering him not to continue any legal proceedings he had instituted.  Because appellant had instituted the negligence claim against appellee and had been declared a vexatious litigator, he could no

---

**1.** Although no party raised this issue, this court may *sua sponte* address the issue of whether there is a final, appealable order.  *Fox v. Eaton Corp.* (1976), 48 Ohio St.2d 236, 238, 2 O.O.3d 408, 409, 358 N.E.2d 536, 537.

longer continue that proceeding. Hence, the effect of the trial court's adjudication under appellee's R.C. 2323.52 claim was to render appellant's counterclaim moot. Accordingly, there is a final, appealable order.

We now turn to the merits of the appeal. In his first assignment of error, appellant contends that the trial court erred in failing to grant his motion to dismiss for failure to state a claim. Appellant asserts that his motion to dismiss should have been granted because (1) the complaint was not signed by appellee's chief legal officer, (2) appellee was not a party authorized to bring a suit under R.C. 2323.52, and (3) R.C. 2323.52 is unconstitutional. Appellee contends that appellant has waived these arguments because appellant failed to raise them below.

Appellee is correct that appellant did not raise the issues regarding the signing of the complaint and proper party below. However, R.C. 2323.52 authorizes only certain persons and entities to bring a suit under R.C. 2323.52. R.C. 2323.52(B) states, in pertinent part:

"(B) *A person*, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, *or similar chief legal officer of a municipal corporation* who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. * * * " (Emphasis added.)

■ We note first that the record before us indicates that the complaint was signed by appellee's chief legal officer, Robert E. Tanner, Jr. More important, however, appellee is a party authorized to bring a suit under R.C. 2323.52. Appellee, a regional transit authority, is a political subdivision of the state and a body corporate. As a body corporate, COTA was authorized under R.C. 2323.52(B) to bring this suit as "a person."

■ We now turn to appellant's contention regarding the constitutionality of R.C. 2323.52. Appellee asserts that appellant waived any argument in this regard because appellant failed to raise the issue below. We disagree. In his motion to dismiss, appellant stated that the trial court should declare R.C. 2323.52 unconstitutional in violation of Section 16, Article I of the Ohio Constitution and, for this reason, should dismiss the complaint. Hence, appellant's constitutional argument has not been waived.

Substitute House Bill No. 570 ("Sub.H.B. No. 570"), passed into law on November 14, 1996, and codified at R.C. 2323.52, in essence, provides for the commencement of a civil action against a person who has allegedly engaged in

habitual and persistent vexatious conduct as defined in the statute, to declare such person a vexatious litigator. R.C. 2323.52(B). If a court of common pleas determines that the person is a vexatious litigator, it may enter an order prohibiting him or her from instituting, continuing and/or making any application in legal proceedings in the Court of Claims, a court of common pleas, a municipal court or county court without first obtaining leave of the court of common pleas that declared that person to be a vexatious litigator. R.C. 2323.52(D)(1)(a)(b) and (c).

Pertinent portions of R.C. 2323.52 state:

"(A) As used in this section:

"(1) 'Conduct' has the same meaning as in section 2323.51[2] of the Revised Code.

"(2) 'Vexatious conduct' means conduct of a party in a civil action that satisfies any of the following:

"(a) The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

"(b) The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

"(c) The conduct is imposed solely for delay.

"(3) 'Vexatious litigator' means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. 'Vexatious litigator' does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.

---

2.  R.C. 2323.51(A)(1) defines "conduct" as:

   "(a) The filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, filing a pleading, motion, or other paper in a civil action, including, but not limited to, a motion or paper filed for discovery purposes, or the taking of any other action in connection with a civil action;

   "(b) The filing by an inmate of a civil action or appeal against a government entity or employee, the assertion of a claim, defense or other position in connection with a civil action of that nature or the assertion of issues of law in an appeal of that nature, or the taking of any other action in connection with a civil action or appeal of that nature."

"* * *

"(E) An order that is entered under division (D)(1) of this section shall remain in force indefinitely unless the order provides for its expiration after a specified period of time."

Pursuant to R.C. 2323.52(D)(1) and (F), a person declared to be a vexatious litigator may file, in the court that declared him or her a vexatious litigator, for leave of court to institute, continue, or make application in legal proceedings in the Court of Claims, a court of common pleas, a municipal court, or a county court. The court with which such leave is filed may grant leave only if it is satisfied that the proceedings or application are not an abuse of process of the court in question and there are reasonable grounds for the proceedings or application. R.C. 2323.52(F).[3] Pursuant to R.C. 2323.52(G), no appeal lies from the common pleas court's decision denying such person leave to institute, continue or make application in legal proceedings in the applicable courts.

Appellant contends that R.C. 2323.52 violates Section 16, Article I of the Ohio Constitution, which states:

"All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

■ Section 16, Article I of the Ohio Constitution protects the right to seek redress in Ohio's courts when one is injured by another. *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 466, 639 N.E.2d 425, 430. So-called "access-to-the-courts" provisions are found in many state constitutions and have their roots in the Magna Carta. See *Mominee v. Scherbarth* (1986), 28 Ohio St.3d 270, 290, 28 OBR 346, 363, 503 N.E.2d 717, 732–733 (Douglas, J., concurring). A right or action existing at common law at the time the Constitution was adopted is constitutionally protected by the access-to-courts provision from subsequent legislative action that abrogates or impairs that right without affording a reasonable substitute. *Id.* at 291–292, 28 OBR at 364–365, 503 N.E.2d at 733–734 (Douglas, J., concurring).

---

3. R.C. 2323.52(F) further states:

"If a person who has been found to be a vexatious litigator under this section requests the court of common pleas that entered an order under division (D)(1) of this section to grant the person leave to proceed as described in this division, the period of time commencing with the filing with that court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made."

In determining the constitutionality of a legislative enactment, this court adheres to the principle that all such enactments enjoy a presumption of constitutional validity. *Id.* at 274, 28 OBR at 349–350, 503 N.E.2d at 720–721. We note that the "due course of law" provision in Section 16, Article I is the equivalent of the "due process of law" provision in the Fourteenth Amendment to the United States Constitution. *Sorrell v. Thevenir* (1994), 69 Ohio St.3d 415, 422–423, 633 N.E.2d 504, 510–511, citing *Direct Plumbing Supply Co. v. Dayton* (1941), 138 Ohio St. 540, 544, 21 O.O. 422, 423–424, 38 N.E.2d 70, 72. A legislative enactment will be deemed valid on due process grounds if it bears a real and substantial relation to the public health, safety, morals, or general welfare and if it is not unreasonable or arbitrary. *Mominee* at 274, 28 OBR at 349–350, 503 N.E.2d at 720–721.

The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources—resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.

The vexatious litigator statute bears a real and substantial relation to the general public welfare because its provisions allow for the preclusion of ground-less suits filed by those who have a history of vexatious conduct. In addition, the statute is not unreasonable or arbitrary. It applies only to persons who have habitually, persistently and without reasonable grounds engaged in conduct that serves merely to harass or maliciously injure another party, is not warranted under existing law, and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law, and/or is imposed solely for delay.

As for the specific constitutional provision at issue herein, Section 16, Article I, the Supreme Court of Ohio has stated that when the Ohio Constitution speaks of remedy and injury to person, property, or reputation, it requires an opportunity granted at a meaningful time and a meaningful manner. *Burgess v. Eli Lilly & Co.* (1993), 66 Ohio St.3d 59, 62, 609 N.E.2d 140, 142–143, citing *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 60, 514 N.E.2d 709, 715–716. As indicated above, legislation that abolishes or severely impairs common-law remedies is invalid unless a reasonable substitute is provided. *Mominee* at 292, 28 OBR at 365, 503 N.E.2d at 734 (Douglas, J., concurring). R.C. 2323.52(D)(1) and (F) provide such a substitute and also provide vexatious

litigators an opportunity in a meaningful time and a meaningful manner. A vexatious litigator is not precluded from bringing suit or proceeding in a legal action; rather, he or she must first obtain leave of court upon a finding that the proposed suit or action is not an abuse of process and there are reasonable grounds for the suit or action.

A similar statute has been upheld in California upon similar grounds. In 1963, California adopted a vexatious litigant statute (Stats.1963, Ch. 1471, Sec.1). *Taliaferro v. Hoogs* (1965), 46 Cal.Rptr. 147, 148, 236 Cal.App.2d 521, 522–523. The statute provided for the furnishing of security by one found to be a vexatious litigant to assure payment of the defendant's reasonable expenses. Title 3A, Sec. 391–391.6, Code Civ.Proc. In 1990, the statute was amended to include a new provision whereby the court, in addition to requiring a vexatious litigant furnish security, could enter a prefiling order prohibiting a vexatious litigant from filing any new litigation without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Cal.Code Civ.Proc. 391.7.

In *Wolfgram v. Wells Fargo Bank* (1997), 61 Cal.Rptr.2d 694, 53 Cal.App.4th 43, a California appellate court addressed the constitutionality of the new provision. The California Constitution includes a clause that states: "The people have the right to * * * petition government for redress of grievances." Section 3, Article I, California Constitution; *Wolfgram,* 61 Cal.Rptr.2d at 700, 53 Cal. App.4th at 52. The right to petition encompasses the right to sue. *Wolfgram* at 700, 53 Cal.App.4th at 51–53. The court noted that notwithstanding the protected nature of the right to sue, some suits may be undertaken with hostile intent and disguised as petitions for redress. *Id.* at 701, 53 Cal.App.4th at 53–54. Imposing liability for such action does not interfere with the right to petition because the action was not taken in exercise of such right. *Id.*

The court went on to note that the right to petition has never been absolute and it does not confer the right to clog the court system and impair everyone else's right to seek justice. *Id.* at 703, 53 Cal.App.4th at 56–57. The court compared meritless suits filed by vexatious litigants to unworthy suits that ordinarily are disposed of by means of a demurrer, judgment on the pleadings, or summary judgment and pointed out that baseless litigation was not immunized by the First Amendment right to petition. *Id.* at 703–704, 53 Cal.App.4th at 56–59, quoting *Bill Johnson's Restaurants, Inc. v. NLRB* (1983), 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277, 289.

The analysis above applies, in essence, to the case at bar and in the context of Section 16, Article I of the Ohio Constitution. A person is declared a vexatious litigator only when he or she is shown to have habitually, persistently *and without reasonable grounds* engaged in conduct that, because it is baseless, is not protected under the right-to-remedy/access-to-courts clause. In addition, a vexa-

tious litigator is provided a reasonable substitute in that he or she may file for leave to proceed pursuant to R.C. 2323.52(F).

Given the above, we find that the bulk of the vexatious litigator statute is constitutional under Section 16, Article I of the Ohio Constitution. However, the statute does include a provision that is troublesome. R.C. 2323.52(G) states:

"During the period of time that the order entered under division (D)(1) of this section is in force, no appeal by the person who is the subject of that order shall lie from a decision of the court of common pleas under division (F) of this section that denies that person leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court."

In *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 84, 523 N.E.2d 851, 855–856, the Supreme Court of Ohio stated that while the United States Supreme Court has long held that a right to appeal is not found in the Constitution, where a state provides a process of appellate review, the procedures used must comply with constitutional dictates of due process and equal protection. *Id.*, citing *McKane v. Durston* (1894), 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867; *Griffin v. Illinois* (1956), 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891, 898–899. Ohio has adopted appellate rules that make every litigant entitled to an appeal as of right by filing a notice of appeal within the time allowed. *Atkinson* at 84–85, 523 N.E.2d at 855–856, citing App.R. 3(A); see, also, *Moldovan v. Cuyahoga Cty. Welfare Dept.* (1986), 25 Ohio St.3d 293, 294, 25 OBR 343, 344, 496 N.E.2d 466.

In *Moldovan* the Supreme Court cited Section 16, Article I of the Ohio Constitution and stated that it was well established that every injured party shall have remedy by due course of law and shall have justice administered without denial or delay. Hence, the rights protected in Section 16, Article I extend to the right to appeal. The court in *Moldovan* stated that the opportunity to file a timely appeal is rendered meaningless when reasonable notice of an appealable order is not given. *Id.*

In *Moldovan,* the failure to give reasonable notice of a final, appealable order was found to be a denial of the right to legal redress of injuries created by Section 16, Article I of the Ohio Constitution. Surely, the blanket prohibition of a right to appeal found in R.C. 2323.52(G) denies the right created in Section 16, Article I.

As discussed above, the requirement in R.C. 2323.52(F) that the court determine that the proposed action is not an abuse of process and that there are reasonable grounds for the action before a vexatious litigator may pursue it is

akin to a demurrer or a motion on the pleadings. Indeed, at oral argument in this case, counsel for appellee likened that requirement to having to withstand a motion to dismiss. However, there is a right to appeal from the granting of a motion to dismiss. See *State ex rel. Larson v. Cleveland Pub. Safety Director* (1996), 74 Ohio St.3d 464, 659 N.E.2d 1260 (appellant appealed as of right to Supreme Court from the court of appeals' granting of a motion to dismiss filed in a mandamus action).

Here, R.C. 2323.52(G) completely precludes any appeal from a court's denial of a vexatious litigator's application for leave to proceed with a case. This violates the right-to-remedy-by-due-course-of-law provision in Section 16, Article I of the Ohio Constitution. Accordingly, we find that R.C. 2323.52(G) is unconstitutional and strike this section from the statute.

In summary, we find that R.C. 2323.52(G) is unconstitutional and strike it from the statute. The remaining sections of the statute discussed previously are constitutional. Accordingly, we sustain appellant's first assignment of error, in part, for the reason that R.C. 2323.52(G) is unconstitutional. Appellant's first assignment of error is overruled, in part, on the basis that the other provisions of R.C. 2323.52 discussed in this opinion are constitutional.

In his second assignment of error, appellant contends that the trial court erred in granting appellee's motion for summary judgment. As indicated above, appellee's motion for summary judgment was based solely on whether appellant met the definition of a vexatious litigator found in R.C. 2323.52(A).

In order to grant summary judgment, the court must be satisfied, construing the evidence most strongly in favor of the nonmoving party, that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 629, 605 N.E.2d 936, 942–943, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Our review of the granting of summary judgment is *de novo*. See *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212; *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272.

In order for summary judgment to be granted in this case, there must be no genuine issue of material fact as to whether appellant habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions in a court of common pleas, a municipal court, the Court of Claims and/or a county court. See R.C. 2323.52(A)(3). Vexatious conduct is conduct that obviously serves merely to harass or maliciously injure another party to the civil

action, is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law, and/or is imposed solely for delay. R.C. 2323.52(A)(2)(a), (b) and (c).

In support of its motion for summary judgment, appellee submitted that the affidavit of its counsel, Laurence E. Sturtz; appellee's first request for admissions to appellant; a list of cases filed by appellant; and excerpts from various court decisions, orders, and entries that include, among other things, statements that appellant's actions were frivolous. In his affidavit, Sturtz stated that the list of cases represented a true and accurate summary of cases filed by appellant in Franklin County. Sturtz also indicated that appellant had filed over sixty state and federal lawsuits in this county and district since the early 1970s. Indeed, the list of cases attached to appellee's motion for summary judgment show that appellant has filed sixty-two lawsuits in Franklin County and federal court since 1973. However, as appellant has pointed out in his brief, the vexatious litigator statute applies only to conduct occurring on or after the effective date of the Act. Section 3 of Sub.H.B. No. 570, uncodified, states:

" * * * [S]ection 2323.52 of the Revised Code, as enacted by this act, shall apply only to vexatious conduct, as defined in section 2323.52 of the Revised Code, that occurs on or after the effective date of this act." [4]

In addition, R.C. 2323.52(A) indicates that the statute applies only to vexatious conduct occurring in civil actions in the Court of Claims, courts of common pleas, municipal courts, and county courts. Thus, we look only to evidence submitted involving conduct that occurred on or after the effective date of the Act—March 18, 1997—and in the courts listed above.

Of the sixty-two cases listed in the attachment to the motion for summary judgment, only four can arguably involve conduct occurring on or after March 18, 1997 in an applicable court. These cases have 1997 case numbers. In addition, appellee's complaint lists a case appellant filed against appellee on March 18, 1997. It is unclear to this court whether that case is the same case listed in appellee's table of cases. Even if we assume that these cases encompass conduct occurring on or after March 18, 1997, that would not make appellant a vexatious litigator under the definition in the statute. The conduct must be habitual and persistent. The four or five cases listed and the alleged conduct do not amount to habitual and persistent conduct.

In addition, appellee's descriptions and the status of those cases do not sufficiently show that appellant's conduct was of the type listed in R.C.

---

4. Contrary to appellee's contention at oral argument, this portion of Sub.H.B. No. 570 was not taken out prior to the legislation's passage. Rather, it is merely uncodified law.

2323.52(A)(2)(a), (b), and (c). For example, appellee indicates that under case No. 97CVH04–4755, the defendant's motion for summary judgment or, in the alternative, for dismissal was granted on October 22, 1997. However, this alone does not show that appellant's conduct in that case was, for example, merely to harass or was not warranted under existing law. The other cases listed by appellee that *may* involve conduct occurring on or after March 18, 1997 also are lacking in sufficient detail regarding conduct that allegedly fits within the language of R.C. 2323.52(A)(2)(a), (b), and (c).

■ We note further that the excerpts from various court decisions and orders attached to the motion for summary judgment involve either federal cases or conduct occurring in cases that date prior to the effective date of the Act. Hence, they cannot be used as evidence to support a finding that appellant is a vexatious litigator.

■ Appellee contends that appellant admitted he was a vexatious litigator by virtue of the fact that appellant failed to timely respond to appellee's request for admissions. On November 12, 1997, appellee filed a notice of service of a first request for admissions, stating that appellant was served such request by mail on November 11, 1997. In the request, appellee stated that the answers were due twenty-eight days after service of the request. Appellant filed his answers to that request on December 17, 1997.[5]

Civ.R. 36(A) states:

"(A) Request for Admission. A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(B) set forth in the request that relate to statements or opinions of fact or of the application of law to fact * * *.

" * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. * * * "

For the reasons that follow, we conclude that the failure of appellant to timely return the request for admissions did not result in appellant admitting he is a vexatious litigator under the statute.

---

**5.** November 11, 1997 was Veterans' Day, a federal holiday. Still, the answers to the request were due (taking into account three days for mail) on or about December 15, 1997 (December 13, 1997 was a Saturday).

The request included an admission that appellant was a vexatious litigator " * * * in that [appellant has] habitually, persistently, and without reasonable grounds engaged in vexatious conduct by bringing over sixty frivolous civil actions against various parties in the State of Ohio, Franklin County." Even if this were deemed admitted, it does not follow that appellant admitted he was a vexatious litigator *under the statute.* As previously discussed, the statute applies only to conduct occurring on or after March 18, 1997. The request does not give dates of the alleged sixty frivolous actions, but given appellee's table of cases submitted in support of its motion for summary judgment, we can assume that the majority of such cases included conduct occurring prior to the date the statute became effective.

The same analysis applies to related and similar requests for admission. In addition, admissions that do not necessarily attach a figure or date to them (such as Request for Admission No. 6 that states that appellant has continuously abused the court system and judicial process, or Requests for Admission Nos. 8 and 9 that state that appellant has engaged in vexatious conduct, appellant is a vexatious litigator, and appellant should be prohibited from continuing any legal proceeding without obtaining leave of court) do not, even if deemed admitted, amount to conduct that leads this court to conclude that there is no genuine issue as to whether appellant is a vexatious litigator. It should be noted that the appellant submitted his answers on December 17, 1997. Therefore, any conduct appellant could have admitted to that falls under the statute would have been conduct occurring between March 18, 1997 and December 17, 1997—merely nine months of conduct. This does not, as a matter of law, equal habitual and persistent conduct.

In addition, Civ.R. 36(A) states that a party may serve requests for the admission of the truth of any matter within the scope of Civ.R. 26(B) that relates to statements or opinions of fact or of the application of law to fact. Requests for Admission Nos. 8 and 9 are purely legal conclusions that are arguably beyond the scope of Civ.R. 36(A). Even if we assume that the requests related to the application of law to fact, the facts appellee refers to (clearly "facts" that include conduct occurring prior to March 18, 1997) are, as discussed above, insufficient to make summary judgment appropriate.

Given the above, appellee failed to show that there was no genuine issue of material fact as to whether appellant was a vexatious litigator under R.C. 2323.52. Hence, summary judgment is inappropriate, and the trial court erred in granting appellee's motion for summary judgment. Accordingly, appellant's second assignment of error is sustained.

In summary, appellant's first assignment of error is overruled in part and as discussed above, and appellant's first assignment of error is sustained in part and

as discussed above. Appellant's second assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of appellee is reversed, and this cause is remanded for further proceedings consistent with law and this opinion.

*Judgment reversed*
*and cause remanded.*

PEGGY BRYANT and MCCORMAC, JJ., concur.

JOHN. W. MCCORMAC, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.