Peter B. Abele, J.,
concurring in part and dissenting in part. I concur in large part with the well-reasoned majority opinion. I agree that R.C. 2323.52 does not deprive litigants of meaningful access to Ohio’s courts. Sadly, the facts *21 and circumstances surrounding the instant case amply illustrate the need for this type of legislation.
Isaac, Brant, Ledman & Teetor, Mark Landes, Terri B. Gregori and Lance Chapin, for appellant.

Lonny Lee Bristow, pro se.

Betty D. Montgomery, Attorney General, Judith L. French and Elizabeth Luper Schuster, Assistant Attorneys General, for intervenor Attorney General Betty D. Montgomery.
I disagree, however, with that portion of the majority’s holding concerning R.C. 2323.52(G), which provides that no appeal shall lie from a court’s denial of an application for leave to proceed with a case. I believe that the denial of a litigant’s right to appeal runs afoul of Section 16, Article I of the Ohio Constitution. See, also, App.R. 3; Moldovan v. Cuyahoga Cty. Welfare Dept. (1986), 25 Ohio St.3d 293, 25 OBR 343, 496 N.E.2d 466; and Cent. Ohio Transit Auth. v. Timson (1998), 132 Ohio App.3d 41, 724 N.E.2d 458. When a state provides an appellate review process, the procedures used to implement appellate review must comply with the constitutional dictates of due process and equal protection. Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80, 84, 523 N.E.2d 851, 855. Thus, in this limited regard, I believe that the statute denies litigants the right to legal redress of injuries.