The STATE ex rel. HOWARD

v.

COURT OF COMMON PLEAS OF LUCAS COUNTY et al.

[Cite as *State ex rel. Howard v. Lucas Cty. Court of Common Pleas* (2001), 142 Ohio App.3d 761.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–01–1254.

Decided May 10, 2001.

*Gregory T. Howard, pro se.*

SHERCK, Judge.

This matter is before the court on the petition of relator, Gregory T. Howard, for the issuance of a writ of mandamus to respondents, Lucas County Common Pleas Court Judges Steven Yarbrough, James Jensen, and Frederick McDonald.

On August 22, 2000, relator was found to be "a vexatious litigator" pursuant to R.C. 2323.52 by respondent Judge Yarbrough. As part of the order in *Porritt v. Howard* (Aug. 22, 2000), Lucas C.P. No. CI–99–4133, unreported, relator was prohibited for three years from instituting legal proceedings in certain specified courts, "without first obtaining leave of that court to proceed." Relator's appeal of that decision was dismissed for want of prosecution. *Porritt v. Howard* (Nov. 16, 2000), Lucas App. No. L–00–1259, unreported.

On February 6, 2001, relator attempted to initiate an appeal from an apparently adverse decision of the Ohio Bureau of Workers' Compensation in the Lucas County Court of Common Pleas before respondent Judge Jensen. Accompanying his notice of appeal to the common pleas court was an application for leave to proceed. However, no entry granting such leave appears of record. On March 1, 2001, Judge Jensen dismissed this case with prejudice for relator's failure to

comply with the vexatious litigator order. *Howard v. Ohio Bur. of Workers' Comp.* (Mar. 1, 2001), Lucas C.P. No. CI–01–0145, unreported.

On March 30, 2001, relator attempted to file a notice of appeal from the March 1, 2001 order of dismissal. The Lucas County Clerk of Courts referred the matter to respondent Judge McDonald, Administrative Judge of the Lucas County Court of Common Pleas, who ordered the clerk not to file the documents. Judge McDonald ruled that under the terms of the vexatious-litigation order, relator was required to file a written application prior to filing a notice of appeal. Because he failed to do so, Judge McDonald ruled relator's request for leave to appeal must be denied.

In his rambling and only peripherally organized request for a writ of mandamus, relator complains of the propriety of the ruling and attacks the original vexatious-litigation order and a federal district court case that relator claims forms the basis of the vexatious litigation-order. He also, for no apparent reason, alludes to several other cases in which he was involved.

With respect to the vexatious-litigation order, the decision now stands unassailable as all avenues to appeal have been exhausted. Moreover, this is the wrong court to attack a federal judgment. The parties in the miscellaneous cases to which relator refers are not parties to this action.

What remains is Judge McDonald's decision that relator failed to satisfy the vexatious-litigator order in instituting an appeal. We note that R.C. 2323.52(G) as written by the General Assembly foreclosed any appeal by a vexatious litigator. However, this provision of the statute has been found to be in violation of Section 16, Article I, Ohio Constitution. *Cent. Ohio Transit Auth. v. Timson* (1998), 132 Ohio App.3d 41, 724 N.E.2d 458. The *Timson* court held that R.C. 2323.52(G) violated Ohio's Open Courts Amendment because it blocked an appeal without providing a "reasonable substitute" that balances the legislative goal of inhibiting baseless litigation and preserving the parties' rights. *Id.* at 50–51, 724 N.E.2d at 463–465; but, see, *Mayer v. Bristow* (2000), 91 Ohio St.3d 3, 15, 740 N.E.2d 656, 666–667.

■ In this matter, however, the court that adjudicated relator as vexatious included in its order a general provision requiring that relator "[p]resent any application [for leave to proceed] to the presiding Judge of any court in which [relator] wishes to appear accompanied by any pleading he intends to file." We read this provision to require an application for leave to proceed antecedent to any contemplated legal action. In the case of an appeal of the denial of an application to proceed, we must take this language to require, at a minimum, that any notice of appeal be accompanied by an application to proceed directed to the

presiding judge of this court. As Judge McDonald noted in his order denying relator's filing, relator failed to satisfy this requirement.

As we noted in our decision disposing of one of relator's prior petitions for mandamus:

"The writ of mandamus is * * * an extraordinary writ and, therefore, is only available where the court finds 'that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law.' *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.* (1987), 31 Ohio St.3d 251, 253 [31 OBR 455, 456, 510 N.E.2d 383, 384], quoting *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42 [15 O.O.3d 53, 399 N.E.2d 81], paragraph one of the syllabus; R.C. 2731.05; and *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125 [698 N.E.2d 987, 988–989]." *Howard v. Franks* (Aug. 21, 2000), Lucas App. No. L–00–1163, unreported, 2000 WL 1205412, appeal dismissed for want of prosecution (2000), 90 Ohio St.3d 1486, 739 N.E.2d 350, reconsideration denied (2000), 90 Ohio St.3d 1496, 739 N.E.2d 1158.

Unlike R.C. 2323.52(G), the vexatious-litigator order, that the initiation of any legal proceeding be only after application to, and with leave of, the presiding judge of the court into which the proceeding is brought, does not substantially impair court access. See *Mayer*, 91 Ohio St.3d 3, 740 N.E.2d 656. The whole point of the vexatious-litigator statute is to make baseless suits more difficult to start. Relator has been adjudicated a vexatious-litigator and must, therefore, abide by the orders concomitant with that status. Since on the face of his petition for the writ of mandamus and the accompanying documents filed by relator it is clear that he did not abide by those orders, he has failed to demonstrate that he even arguably has a clear legal right to the relief he seeks, or that respondents have a clear legal duty to perform the act requested.

Accordingly, we *sua sponte* dismiss relator's petition for the writ. Costs to relator.

*Cause dismissed.*

MELVIN L. RESNICK and KNEPPER, JJ., concur.