DECISION AND JUDGMENT ENTRY
Plaintiff-Appellant Vernon G. Jenkins appeals from the declaratory judgment issued by the Vinton County Court of Common Pleas which resolved a dispute over the ownership and location of a road in favor of Defendant-Appellee Eagle Township Trustees.
Jenkins appeals making the following arguments: that the trial court made consequential procedural errors; that the judgment was against the manifest weight of the evidence; and that the trial court erred in ordering Jenkins to pay costs.
We find Jenkins' arguments to be baseless and affirm the well-reasoned judgment of the trial court.
I. Proceedings Below
Plaintiff-Appellant Vernon G. Jenkins filed a pro se complaint in the Vinton County Court of Common Pleas seeking a declaration of the precise location and ownership of a road maintained by Defendant-Appellee Eagle Township Trustees (the Trustees), Riddle Road, that crosses Jenkins' property.
In October 2000, the trial court held a hearing on Jenkins' complaint. At this hearing, Jenkins testified on his behalf and provided the lower court with two exhibits: both photographs which he alleged depicted the disputed property.
Jenkins testified that there are two roads on his property: one is a recently created "skidder trail" used as a "private logging road"; and the other is Riddle Road, a public road owned by the Trustees. Jenkins maintains that Riddle Road has been overgrown and unused for years until, in 1998, he spent $5,000 to have the road cleared.
On behalf of the Trustees, myriad witnesses testified. These witnesses fell into one of three categories: current Trustees, former Trustees, and former residents of Riddle Road. These witnesses' testimony collectively amounted to the precise opposite conclusion of that reached by Jenkins: they maintained that the road Jenkins called a skidder trail is actually Riddle Road and that the other road is a new road created by Jenkins.
The Trustees also provided the trial court with one exhibit: a survey which depicts three possible courses which Riddle Road might take over Jenkins' property. Of relevance to this case are two of those courses: one depicted by a dotted line, which corresponds to what the Trustees argue is Riddle Road; and the other depicted by a solid line, which corresponds to what Jenkins argues is Riddle Road.
In May 2001, the trial court issued its judgment entry, finding in favor of the Trustees. In so doing, it issued findings of fact and conclusions of law.
The following findings of fact are relevant to this appeal:
 [Riddle Road] was moved to the location shown by the dotted line on [the Trustees' survey], the most westerly of the three courses depicted on said survey plat, sometime prior to the [1950s]. * * * [Jenkins] opened up the roadway depicted by the solid line on [the Trustees' survey] in 1998. * * * Riddle Road followed the course of the dotted line from sometime prior to the [1950s] until the present dispute arose in 1998.
Further, the following conclusions of law are relevant to this appeal:
 The correct and true right of way for Riddle Road is shown by the dotted line on [the Trustees' survey], having been so established by usage, course of conduct, and common law dedication, for a period exceeding twenty-one years. * * *. [Jenkins] is hereby permanently enjoined and prohibited from interfering with the usage of Riddle Road. * * *. Costs are assessed to [Jenkins].
 II. The Appeal
Jenkins timely filed a pro se appeal with this Court, assigning the following errors for our review:
First Assignment of Error:
 THE TRIAL COURT ERR [SIC] TO THE PREJUDICE OF APPELLANT IN THAT DEFENDANTS [SIC] EXHIBIT "B", WAS NOT PROPERLY INTRODUCED INTO EVIDENCE. ONLY "A".
Second Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY ADMITTING THE PHOTOGRAPHIC EVIDENCE SUPPORTED PLAINTIFF'S POSITION, BUT FAILED TO CONSIDER IT IN A LIGHT MOST FAVORABLE TO THE PLAINTIFF.
Third Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY MISQUOTING THE TESTIMONY OF WITNESS RODNEY AMERINE.
Fourth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY MISQUOTING THE TESTIMONY OF JOHN LANDMAN.
Fifth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN FINDING FACT 5, 6 AND 7 NOT CONSISTANT [SIC] TO THE EVIDENCE AT TRIAL.
Sixth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY TAKING PRIVATE LAND FOR PUBLIC USE WITHOUT COMPENSATION, AND/OR BY UNTIMELY APPLICATION OF ADVERSE POSSESSION.
Seventh Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE [SIC] IN ORDERING APPELLANT TO PAY ALL COSTS.
Eighth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY NOT RENDERING A DECISION FOR MORE THAN SIX MONTHS.
At the outset we note that Jenkins' principal and rebuttal briefs to this Court are problematic: he frequently misrepresented the facts and the proceedings in the court below; his legal arguments are virtually devoid of any meaningful and legitimate analysis; and his briefs are peppered with inappropriate comments directed toward the Trustees, the Trustees' counsel, the trial judge, and this Court. While it is in our discretion to disregard such briefs, we decline to do so based on the long-standing preference in Ohio courts to grant leeway to pro se
litigants. See, generally, State ex rel. Simpson v. Hamilton County Courtof Common Pleas (May 17, 1995), Hamilton App. No. C-940505, unreported. Nevertheless, we caution against "expanding the boundaries of acceptable litigation beyond reason." Young v. Spring Valley Sales (Oct. 31, 2001), Highland App. No. 00CA15, unreported; see Cent. Ohio Transit Auth. v.Timson (1998), 132 Ohio App.3d 41, 724 N.E.2d 458.
After reviewing Jenkins' assignments of error and attendant supporting arguments, we find that each of them falls into one of three general categories: (1) procedural errors; (2) manifest-weight-of-the-evidence arguments; and (3) a challenge to the trial court's decision to order Jenkins to pay costs.
A. Procedural Errors
Jenkins' arguments in his First and Eighth Assignments of Error amount to challenges of possible procedural errors. Specifically, Jenkins argues that the following were errors made by the trial court: first, that the trial court, in at least one instance, referred to "Defendant's Exhibit B" instead of "Defendant's Exhibit A"; and, second, that the trial court took six months to render its judgment.
It is well-settled Ohio law that, "[i]n order to support reversal of a judgment, the record must show affirmatively not only that error intervened but that such error was to the prejudice of the party seeking such reversal." Smith v. Flesher (1967), 12 Ohio St.2d 107,233 N.E.2d 137, paragraph one of the syllabus.
Here, appellant summarily concludes, without providing any reason whatsoever, that these alleged errors were prejudicial.
While the court clearly made a typographical error when it referred to the Trustees' sole exhibit as "Exhibit B," instead of "Exhibit A," we are unable to fathom how this could have possibly impacted Jenkins' case. See, e.g., State v. Shepeard (Sept. 14, 1989), Cuyahoga App. No. 55844, unreported (explaining that, "[s]peculation as to * * * how it would have [a]ffected the outcome is not a proper function for the reviewing court").
Likewise, we agree that six months may be a long time to await the decision of a trial court, but we are unable, as well as simply unwilling, to speculate how this affected Jenkins' case. See, generally,Woolever v. Crowley (Sept. 1, 1981), Franklin App. No. 81AP-43, unreported (holding that, "[a]lthough a delay of this nature does not comply with the term `immediate' * * *, we do not find that such delay renders the judgment void in the absence of showing how defendant has been prejudiced by the delay").
Accordingly, having provided no reason as to how these supposed errors impacted Jenkins' case, we see no need to address these arguments any further.
We OVERRULE Jenkins' First and Eighth Assignments of Error.
B. Manifest Weight of the Evidence
Jenkins' arguments in his Second, Third, Fourth, Fifth, and Sixth Assignments of Error amount to manifest-weight-of-the-evidence arguments.
In reviewing the decision of a lower court, "[j]udgments supported bysome competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." (Emphasis added.) C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus; see Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,550 N.E.2d 178.
It is well-settled law that, "where there exists competent and credible evidence supporting the findings and conclusions of the trial court,deference to such findings and conclusions must be given by the reviewingcourt." (Emphasis added.) Myers v. Garson (1993), 66 Ohio St.3d 610,614, 614 N.E.2d 742, 745; see City of Dayton v. Ronald J. Versic (Mar. 15, 1996), Montgomery App. No. CA 15223, unreported.
As the Supreme Court of Ohio explained in Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273, "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view thewitnesses and observe their demeanor, gestures and voice inflections, anduse these observations in weighing the credibility of the profferedtestimony." (Emphasis added.) Id. at 80, 461 N.E.2d at 1276.
Here, each of Jenkins' arguments is a challenge to a factual finding made by the trial court: that the lower court did not "consider in the light most favorable to plaintiff" the photographic evidence; that the trial court "misquoted" the testimony of two witnesses; that four of the lower court's findings of facts "were not [consistent] with the evidence at trial"; and that the "trial court's judgment amounted to a taking without compensation or an untimely application of adverse possession."
A careful review of the record reveals that Jenkins is wrong in each instance: the trial court appropriately weighed Jenkins' photographic exhibit; the lower court accurately summarized the testimony of the witnesses; each of the questioned findings of fact was supported by testimonial evidence; and, finally, the trial court's decision was a proper declaration of the location and ownership of the tract of land as established by the proffered evidence.
Accordingly, we find ample competent and credible evidence supporting the findings and conclusions of the trial court. See Myers v. Garson,66 Ohio St.3d at 614, 614 N.E.2d at 745.
We OVERRULE Jenkins' Second, Third, Fourth, Fifth, and Sixth Assignments of Error.
C. Allocation of Costs
Jenkins argues in his Seventh Assignment of Error that the trial court erred by ordering him to pay costs. We disagree.
Civ.R. 54(D) provides that, "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." Civ.R. 54(D).
The phrase "unless the court otherwise directs" has given many Ohio courts pause as to whether a trial court may order a prevailing party to pay costs. However, in 1992, the Supreme Court of Ohio resolved this issue.
In Vance v. Roedersheimer (1992), 64 Ohio St.3d 552, 597 N.E.2d 153, the court held that "the phrase [, in Civ.R. 54(D),] `unless the court otherwise directs' grants the court discretion to order that the prevailing party bear all or part of his or her own costs. We * * * do not believe that such phrase empowers the court to award costs to a non-prevailing party." Id. at 555, 597 N.E.2d at 156.
Thus, we agree with Jenkins' assessment that prevailing parties should not have to pay costs. However, we direct Jenkins to the following which was also set forth in Vance:
 We also differ from the court of appeals in that we do not view the Vances as the prevailing party. The trial in this case, although de novo, is an appeal from an arbitration award. A party who goes into such a trial with an award of $10,000 and emerges with $5,000 can hardly be said to have prevailed.
Id. at 555, 597 N.E.2d at 156.
Here, as did the court in Vance, we find that the appealing party was not the prevailing party below. Jenkins is correct that he initiated, and the trial court granted, his declaratory action. However, the trial court determined the location of Riddle Road in favor of the Trustees. Accordingly, it can hardly be said that Jenkins prevailed in this case. Thus, like the Vance Court, we find that it was proper for the trial court to order Jenkins to pay costs to the Trustees, the actual prevailing party.
III. Conclusion
For the foregoing reasons, Jenkins' assignments of error are OVERRULED and the judgment of the Vinton County Court of Common Pleas is AFFIRMED.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the VINTON County Court OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.