DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from an order of the Lucas County Court of Common Pleas, denying to one adjudicated a vexatious litigator leave to file further pleadings in a case for which final judgment was rendered in the year 2000.
 {¶ 2} Appellant, Gregory T. Howard, was adjudicated a vexatious litigator, pursuant to R.C. 2323.52, on August 22, 2000. Appellant's appeal of that adjudication was dismissed by this court for want of prosecution on November 16, 2000.
 {¶ 3} The August 22, 2000 judgment entry barred appellant from instituting legal proceedings without leave for three years. On September 12, 2003, appellant moved,
 {¶ 4} "* * * For leave to file attached motion for an order to effect additional filings instanter" AND "* * * to enforce judgment and/or motion for contempt; motion for sanctions." When the trial court found appellant's motions not well-taken, he instituted the present appeal. Appellant asserts, in a single assignment of error, that the trial court's ruling was an abuse of discretion and/or "against the manifest weight of the evidence." During the pendency of this appeal, appellant has moved this court for relief from judgment and twice submitted "Certificate [s] of Service" to the United States District Court, Northern District-Ohio, which he suggests somehow divests this court of jurisdiction for this appeal.
 {¶ 5} Appellant offers no authority as to how his filing with a federal court would affect this active appeal. While it is true that in some instances (bankruptcy as an example) a federal stay may delay our consideration of an appeal, we find no evidence that such action exists to stay this matter.
 {¶ 6} Concerning appellant's motion for relief from judgment, that is a matter to be directed to a trial court, not a court of appeals. See CivR. 60(B); Beechler v. Beechler (1994),95 Ohio App.3d 121, 124-125.
 {¶ 7} As to the merits of this appeal, the trial court has told appellant, Porritt v. Howard (Feb. 21, 2003), Lucas C.P. CI-99-4133, and we have told appellant, State ex rel. Howard v.Court of Common Pleas (2001), 142 Ohio App.3d 761, 763,: this case is over. Appellant had a judgment on the merits. He exhausted his appeals. The judgment is now "unassailable." Id. At this point, even the ordered remedy has expired. Consequently, we cannot say that the trial court abused its discretion in refusing to reopen a closed case. There is no question of manifest weight present here.
 {¶ 8} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 9} Upon consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment affirmed.
Knepper, J., Lanzinger, J., Singer, J., concur.