[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Tyack*, Slip Opinion No. 2023-Ohio-3673.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3673

THE STATE EX REL. MOBLEY, APPELLANT, *v.* TYACK, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mobley v. Tyack*, Slip Opinion No. 2023-Ohio-3673.]**

*Vexatious litigators—R.C. 2323.52—R.C. 2323.52(G) unambiguously prohibits an appeal from a court of appeals' judgment denying a motion to continue proceedings as a vexatious litigator—Appeal dismissed for lack of jurisdiction.*

(No. 2023-0314—Submitted July 18, 2023—Decided October 11, 2023.)

APPEAL from the Court of Appeals for Franklin County,

No. 22AP-313.

_____

**Per Curiam.**

{¶ 1} Appellant, Alphonso Mobley Jr., filed a complaint for a writ of mandamus in the Tenth District Court of Appeals against appellee, Franklin County Prosecutor G. Gary Tyack, seeking an order compelling production of public

records and awarding statutory damages. During the pendency of the case, Mobley was declared a vexatious litigator. He filed a motion for leave to continue the mandamus action against Tyack, but the Tenth District denied the motion and dismissed his complaint. Mobley appeals the dismissal. We dismiss Mobley's appeal.

**BACKGROUND**

{¶ 2} Mobley alleges that in April 2022, he made a public-records request to Tyack under Ohio's Public Records Act, R.C. 149.43, for paper copies of the following: "a. Records Retention Schedule[,] b. File [N]o. PRR-0599[, and] c. Certified Statements [p]ursuant to R.C. 309.16 for the years of 2016-2020."

{¶ 3} On June 1, 2022, Mobley filed a complaint for a writ of mandamus in the Tenth District, arguing that Tyack had "failed to answer" his records request. Mobley requested that the Tenth District compel production of the requested public records and award statutory damages. Tyack moved to dismiss Mobley's complaint, arguing that he had responded to Mobley's request, that he had produced the requested records, and that he did not possess the certified statements for the years 2016 through 2019.

{¶ 4} Mobley filed a supplemental affidavit, attesting that on June 3, 2022, he received a response from Tyack, in which Tyack said he would provide Mobley with paper copies of the records-retention schedule and the documents comprising "[f]ile [N]o. PRR-0599." Tyack filed a response to Mobley's supplemental affidavit, stating that "after an extensive search, the current administration is unable to locate the requested certified statements for the years 2016, 2017, 2018, and 2019." Tyack further said that he provided Mobley with the 2020 certified statement on July 6, 2022.

{¶ 5} On January 20, 2023, in a separate case, the Franklin County Court of Common Pleas issued a judgment declaring Mobley a vexatious litigator under R.C. 2323.52. *Tyack v. Mobley*, Franklin C.P. No. 21CV2747 (Jan. 20, 2023).

**{¶ 6}** On January 31, Mobley filed a motion for leave in the Tenth District to continue his mandamus action as a vexatious litigator, as required under R.C. 2323.52(F)(2). On February 2, the Tenth District denied Mobley's motion and dismissed the mandamus action, stating that Mobley's motion and complaint failed to establish that his mandamus claim was not an abuse of process or that there were reasonable grounds for allowing the action to proceed.

**{¶ 7}** Mobley timely appealed to this court and argues that the requirement that he obtain leave to proceed as a vexatious litigator is unconstitutional and conflicts with the Ohio Revised Code and the Rules of Civil Procedure. Mobley also argues that if the Tenth District's decision is considered a ruling on the merits, he is entitled to statutory damages.

## ANALYSIS

**{¶ 8}** R.C. 2323.52 was enacted to " 'prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state.' " *Mayer v. Bristow*, 91 Ohio St.3d 3, 13, 740 N.E.2d 656 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998). Once Mobley was declared a vexatious litigator, R.C. 2323.52(F)(2) required him to file a motion for leave to proceed in the court of appeals on his pending mandamus action. To grant Mobley leave to proceed, the court of appeals had to be "satisfied that the proceedings * * * [were] not an abuse of process of the court and that there [were] reasonable grounds for the proceedings or application," *id.* In denying Mobley leave, the Tenth District necessarily determined that his mandamus claim constituted an abuse of process of the court and that there were no reasonable grounds for the action.

**{¶ 9}** R.C. 2323.52(G) states that when the order declaring an individual a vexatious litigator is in effect, "no appeal by the person who is the subject of that order shall lie from a decision of the * * * court of appeals * * * that denies that

person leave for the * * * continuance of * * * legal proceedings * * * in a court of appeals * * * ." *See also Marin v. Trumbull Cty. Probate Court*, 133 Ohio St.3d 1416, 2012-Ohio-4758, 976 N.E.2d 908 (under R.C. 2323.52(G), "no appeal shall lie from a decision that denies leave to institute or continue legal proceedings in a court of appeals"). Because R.C. 2323.52(G) unambiguously prohibits an appeal from a court of appeals' judgment denying a motion to continue proceedings filed by a vexatious litigator, we lack jurisdiction to consider Mobley's appeal. Our resolution of this issue is dispositive, and we need not reach Mobley's other propositions of law.

## CONCLUSION

{¶ 10} Mobley's appeal from the Tenth District is prohibited under R.C. 2323.52(G). Accordingly, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

FISCHER, DEWINE, DONNELLY, STEWART, and DETERS, JJ., concur.

KENNEDY, C.J., concurs, with an opinion joined by BRUNNER, J.

_____

**KENNEDY, C.J., concurring.**

{¶ 11} I agree with the majority that the appeal brought by appellant, Alphonso Mobley Jr., is prohibited by R.C. 2323.52(G) and must be dismissed for lack of jurisdiction. I write separately, however, to caution courts against using the vexatious-litigator statute to thwart legitimate public-records requests.

{¶ 12} " 'The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state.' " *Mayer v. Bristow*, 91 Ohio St.3d 3, 13, 740 N.E.2d 656 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998), *abrogated by Mayer*. The statute is designed to prevent " 'baseless litigation,' " *id.*, quoting *Timson* at 50, and "illegitimate

activities," *id.* "[T]he statute is not designed, nor does it operate, to preclude vexatious litigators from proceeding forward on their legitimate claims." *Id.* at 14.

{¶ 13} In this case, the vexatious-litigator statute did not operate according to its purpose. As noted by the majority, by denying Mobley's motion for leave to proceed, the Tenth District Court of Appeals necessarily determined under R.C. 2323.52(F)(2) that either Mobley's mandamus action was an abuse of process or there were no reasonable grounds for the action. But the facts demonstrate that Mobley did have reasonable grounds for the action, because he had a legitimate claim.

{¶ 14} In April 2022, Mobley requested records under Ohio's Public Records Act, R.C. 149.43, from appellee, Franklin County Prosecutor G. Gary Tyack, including "Certified Statements [p]ursuant to R.C. 309.16 for the years of 2016-2020." Three months later, on July 6, Tyack provided Mobley with only the 2020 certified statements. Construing the Public Records Act liberally, the presiding magistrate denied Tyack's motion to dismiss, finding that Tyack had failed to prove by sworn statement that the 2016 through 2019 certified statements did not exist. Although Mobley maintained a legitimate claim, resolution of his mandamus action did not proceed until after he was declared a vexatious litigator.

{¶ 15} When a person has a legitimate mandamus claim based on a party's failure to provide public records within a reasonable time, that person's status as a vexatious litigator should not be used to preclude the claim. Nor should courts grant vexatious-litigator status simply because a person is exercising a substantive right as afforded by the General Assembly to seek access to a public record. However, because I agree that R.C. 2323.52(G) divests this court of jurisdiction over Mobley's appeal, I must concur in the majority opinion in this case.

BRUNNER, J., concurs in the foregoing opinion.

————————————

Alphonso Mobley Jr., pro se.

G. Gary Tyack, Franklin County Prosecuting Attorney, and Thomas W. Ellis, Assistant Prosecuting Attorney, for appellee.

————————————