[Cite as *Brown v. Charlton*, 2011-Ohio-4958.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96430**

## BRUCE ANDREW BROWN, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## SUZANNE E. CHARLTON, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**REVERSED AND REMANDED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-724016

**BEFORE:** Stewart, P.J., Celebrezze, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** September 29, 2011

**ATTORNEY FOR APPELLANT B. ANDREW BROWN & ASSOCIATES, LLC**

Jason Ralls
11811 Shaker Boulevard, Suite 420
Cleveland, OH    44120


**FOR APPELLANT BRUCE ANDREW BROWN**

Bruce Andrew Brown, Pro Se
820 West Superior Avenue, Suite 840
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE SUZANNE E. CHARLTON**

Gerald R. Walton
John J. Schneider
Gerald R. Walton & Associates
2800 Euclid Avenue, Suite 320
Cleveland, OH    44115


**ATTORNEYS FOR APPELLEES CARLTON HARLEY-DAVIDSON AND JANE CARLTON**

Christina J. Marshall
Lawrence A. Sutter
Sutter, O'Connell & Farchione Co., LPA
3600 Erieview Tower
1301 East Ninth Street
Cleveland, OH    44114

MELODY J. STEWART, P.J.:

{¶ 1}   This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1,[1] the records from the Cuyahoga County Court of Common Pleas, and the briefs submitted by counsel.

{¶ 2}   Plaintiffs-appellants Bruce Andrew Brown and B. Andrew Brown & Associates, LLC appeal from summary judgment granted in favor of the defendants-appellees, Brown's former wife, Suzanne E. Charlton, Carlton Harley-Davidson, and Jane Carlton (hereinafter "Carlton"), on the basis of the doctrine of res judicata.[2]   Brown alleges that the personal property distribution ordered by his divorce decree did not include a 2008 Harley-Davidson titled to Brown, LLC since his former wife did not have physical control of the same.  Brown therefore complains that Carlton acted in concert with Charlton and wantonly, recklessly, and negligently tendered the proceeds from the sale of the motorcycle to his former wife as opposed to Brown, LLC, the titled and legal owner of the motorcycle.

---

[1]App.R. 11.1(E) states:  "Determination and judgment on appeal.  It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."   See, also, Form 3, Appendix of Forms to the Rules of Appellate Procedure.

[2] Brown and Charlton entered a confidential settlement agreement prior to the appeals court hearing.   Consequently, Charlton was dismissed from the appeal.

**{¶ 3}** Brown and Charlton acquired a 2008 Harley-Davidson motorcycle while married and titled it to Brown, LLC. On or about October 15, 2008, an employee of Carlton Harley-Davidson picked up the motorcycle at Brown's residence and transported it to Carlton's storage facility for the winter. Brown was incarcerated when the motorcycle was taken away. Charlton had previously been appointed as attorney-of-fact for Brown in his personal capacity. It is unclear which party requested Carlton to provide storage services for the motorcycle.

**{¶ 4}** Charlton filed a complaint for divorce and other equitable relief on February 17, 2009. On March 25, 2009, Charlton completed, notarized, and signed a pretrial statement and affidavit that included a statement of income, expenses, assets, and liabilities; this statement requested, in pertinent part: "6. All property of the parties known to be owned individually or jointly (indicate who holds or how title is held: (H) husband; (W) wife; or (J) jointly)," and in the subcategory pertaining to (b) Automobiles, Charlton listed "*H* 2008 Harley Ultima $28,000.00."

**{¶ 5}** A hearing took place on April 15, 2009, and shortly thereafter the domestic relations court entered a judgment entry of divorce, which stated, in pertinent part: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all parties have agreed to their mutual satisfaction to a division of all *** items of personal property, whether acquired *** during the marriage *** and each party heretofore has taken possession of all such personal property belonging to him or her and to which he or she may be entitled. All such property shall be and remain the sole property of the one now having possession

or control of the same, free and clear of any claim whatsoever on the part of the other party."

{¶ 6}   Brown alleges that Charlton afterwards perfected the sale of the motorcycle with Carlton on April 1, 2009.   However, an Ohio Department of Public Safety's Online Vehicle/Watercraft Title Inquiry indicates that on April 24, 2009, title to the motorcycle was transferred from B. Andrew Brown & Associates, LLC to Carlton Harley-Davidson, Inc., and then from Carlton Harley-Davidson, Inc. to a private owner.   Next, on April 28, 2009, a non-negotiable instrument endorsed by Jane Carlton and in the amount of $19,151.94 was tendered to Suzanne Brown.

{¶ 7}   On April 13, 2010, Brown and Brown, LLC filed a complaint against Charlton and Carlton alleging breach of fiduciary obligation, negligence, recklessness, and conversion.   Subsequently, numerous discovery requests, briefs, and other motions were filed by all parties.   On June 25, 2010, Brown collaterally filed a motion for relief from judgment in Cuyahoga County's Domestic Relations Court; this motion was denied on September 3, 2010, and no appeal was taken.

{¶ 8}   Charlton filed a motion for summary judgment asserting res judicata as a bar to Brown's complaint, and on February 4, 2011, the trial court granted Charlton's motion.   Carlton then filed a "Motion for Modification of Order Granting Summary Judgment and for Summary Judgment, Sua Sponet [sic]: Motion for Reconsideration of Motion to Strike Plaintiff's Complaint" which the trial court granted on February 18, 2011.

{¶ 9} Appellate review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can conclude only that the moving party is entitled to judgment as a matter of law. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46; Civ.R. 56(C).

{¶ 10} Domestic relations courts possess full equitable powers and jurisdiction appropriate to the determination of domestic relations matters. R.C. 3105.011. A court that grants a decree of divorce must equitably divide the marital property of the parties and is obligated to make a decision as to whether property is marital or separate. R.C. 3105.171(B). While the record of the domestic relations court is unclear with regard to whether the motorcycle was marital property, the domestic relations court nevertheless had the power through continuing jurisdiction to interpret its own judgment of the divorce decree based upon all of the facts presented.

{¶ 11} Brown filed a motion for relief from judgment in the divorce case based upon inequitable property distributions. That motion was denied. Charlton and Carlton, in turn, relied on the domestic relations court's denial of the motion to bolster their assertion that res judicata bars Brown's action.

{¶ 12} The domestic relations court made no pronouncement that affairs conducted by Brown, LLC was actually business conducted by Brown personally, or that the motorcycle was a marital asset to which his former wife was entitled.

{¶ 13} "While the merger and bar aspects of res judicata have the effect of precluding the relitigation of the same cause of action, the issue preclusion aspect prevents the relitigation, in a second action, of an issue that has been actually and necessarily litigated and determined in a prior action that was based on a different cause of action." *FIA Card Servs., N.A. v. Wood*, 7th Dist. No. 08-JE-13, 2009-Ohio-1513, ¶23. Therefore, "any attempt to re-litigate matters decided in the [divorce] decree is barred by res judicata." *Collins v. Collins* (2000), 139 Ohio App.3d 900, 903, 746 N.E.2d 201.

{¶ 14} Here, Brown argues that Carlton failed to establish a res judicata defense by way of issue preclusion, that the issues raised in the divorce proceedings are different than those raised by his claims of breach of fiduciary obligation, negligence, recklessness, and conversion, and, as such, were not "actually and directly litigated" in the divorce and property distribution proceedings. Brown's current claims do not concern the determination of marital property versus separate property, or touch upon any other matter germane to the domestic  relations case. Brown is correct in stating that his claims were not at issue in the domestic relations setting, and therefore were not determined by that court. As a result, res judicata is inapplicable to the case at bar.

{¶ 15} In this instance, genuine issues of material fact remain. There is no evidence in the record to demonstrate that co-defendant/ex-wife Charlton was authorized to sell the motorcycle pursuant to the couple's divorce decree. The couple's property settlement awarded to each person the property in his/her respective possession; the motorcycle was not in the possession of the ex-wife, but was instead stored at Carlton Harley-Davidson. Also, it is questionable whether the ex-wife could act under the authority of Brown's power-of-attorney to sell the motorcycle because it was the property of B. Andrew Brown & Associates, as evidenced by the fact that title to the motorcycle was transferred from B. Andrew Brown & Associates to Carlton Harley-Davidson and then to a private owner, all on the same day. Assuming for the sake of argument that the ex-wife was authorized to sell the motorcycle, it remains unclear and disputed as to whom the check proceeds should have been made payable.

{¶ 16} Since issues of material fact exist with regard to the sale of the motorcycle and the distribution of the proceeds from the sale, we reverse the decision of the trial court and remand the case for further proceedings.

It is ordered that appellants recover of appellees their costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., CONCURS;

KENNETH A. ROCCO, J., DISSENTS WITH
SEPARATE OPINION


KENNETH A. ROCCO, J., DISSENTING:

{¶ 17} I respectfully dissent from the majority's disposition of this appeal. As the majority opinion states, Civ.R. 56(C) makes summary judgment appropriate "if the pleadings, depositions, answers to interrogatories, *written admissions*, [and] affidavits *** show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. ***" (Emphasis added.) I fail to see that *appellants* established the existence of any genuine issue of material fact in this case. In my view, the majority opinion goes to improper lengths in order to find issues where none exist.

{¶ 18} Initially, unlike the majority opinion, I find it difficult to understand the causes of action appellants [3] alleged against appellees; "notice" pleading obviously requires just that. I assume for the sake of argument that allegations that appellees "wantonly, recklessly and negligently tendered the proceeds of [their] sale of [a]

_____

[3]The majority opinion fails to indicate that both Brown and "B. Andrew Brown & Assocs., LLC" filed the instant action. As did Brown himself in the trial court, the majority opinion treats appellants as one party and fails to differentiate the entities for the purposes of determining the merits of a summary judgment motion.

motorcycle" to Brown's ex-wife rather than to "appellants" may state claims for either negligence, civil conspiracy, or conversion. See *Universal Coach, Inc. v. New York City Transit Auth., Inc.* (1993), 90 Ohio App.3d 284, 292, 629 N.E.2d 28; *Pappas v. Ippolito*, 177 Ohio App.3d 625, 2008-Ohio-3976, 895 N.E.2d 610, ¶47-48, citing *Tabar v. Charlie's Towing Serv., Inc.* (1994), 97 Ohio App.3d 423, 427-428, 646 N.E.2d 1132.

{¶ 19} Nevertheless, the evidence in the record demonstrated that Brown's ex-wife had the authority to dispose of the motorcycle at issue. Moreover, the proceeds of the sale went to her. The majority opinion fails to "follow the money."

{¶ 20} The majority opinion acknowledges that, at the time the motorcycle was placed with appellees, Brown's then-wife possessed his valid power-of-attorney. Not long afterward, Brown made his pretrial statement for the domestic relations court. He claimed the motorcycle as an item of personal property; he made no indication that his company owned the motorcycle. Thus, appellants' assertion on appeal that the motorcycle actually belonged to the business lacks support in the record that was *before the trial court*. *State v. Ishmail* (1978), 54 Ohio St.2d 402, 377 N.E.2d 500, paragraph one of the syllabus.

{¶ 21} Pursuant to the divorce decree issued by the domestic relations court,[4] the parties to the divorce were granted ownership of the items that were in their possession at the time of the decree. The motorcycle, however, was not Brown's possession; rather, it

---

[4]Since Brown conceded the divorce decree's genuineness in his opposition brief, the trial court properly considered it. *Modon v. Cleveland* (Dec. 22, 1999), Medina App. No. 2945-M; *Blake v. Home Sav. & Loan*, Columbiana App. No. 09 CO 14, 2010-Ohio-2689, ¶33.

already was stored with appellees. Nothing in the record suggests either that appellees would have been aware of the divorce, or, even if they were, that Brown revoked the valid power-of-attorney his ex-wife possessed.

{¶ 22} At any event, according to the written admissions supplied by appellees, Brown himself directed appellees to sell the motorcycle and to give the money from the sale to his ex-wife. Appellants presented no evidence to demonstrate otherwise.

{¶ 23} The evidence also demonstrated that appellees sold the motorcycle only after Brown's ex-wife presented to them Brown's "valid power-of-attorney" that indicated Brown authorized her to make such decisions on his behalf. Brown presented no evidence to demonstrate appellees acted wrongfully. Instead, his affidavit simply repeated the unsupported allegations of his complaint.

{¶ 24} Under these circumstances, I believe the trial court correctly granted summary judgment to appellees on appellants' complaint against them. *Pappas*, ¶49-51. I would, therefore, overrule the assignment of error and affirm the trial court's judgment.