[Cite as *In re T.D.J.*, 2013-Ohio-1454.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 98963

---

# IN RE: T.D.J., III, ET AL.

# MINOR CHILD

# [APPEAL BY FATHER]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 09113269

**BEFORE:** Kilbane, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**ATTORNEY FOR APPELLANT-FATHER**

Shirley Asale
P.O. Box 19011
Cleveland, Ohio 44119

**APPELLEE-MOTHER**

S.J.
25111 Lakeshore Boulevard, A12
Euclid, Ohio 44132

MARY EILEEN KILBANE, J.:

{¶1} Appellant-father, T.J. ("father"), challenges the order of the juvenile court that dismissed with prejudice his motion to modify the parties' shared visitation order and his motion to terminate the shared visitation and impose supervised visitation with appellee-mother, S.J. ("mother").[1] For the reason set forth below, we reverse the judgment insofar as it dismissed the motions "with prejudice."

{¶2} The record reflects that T.D.J., III ("the child"), was born on January 24, 2009. On December 15, 2009, the juvenile court issued a journal entry that designated the father as the residential and custodial parent and established a "week on/week off" visitation schedule for the parties.

{¶3} The record reflects mother and father have an acrimonious relationship, and that mother filed numerous pro se motions, including a motion for an order to require the father to undergo substance abuse testing and a motion for an order to require the father to undergo mental health therapy. The father, represented by counsel, also filed a motion asking the court to order mother to have supervised visitation with the child, to order mother to cease and desist from harassing the father, and to order into effect the court's standardized visitation schedule, thereby ending the "week on/week off" visitation schedule. The trial court held a hearing on June 15, 2012. At the conclusion of the June

---

[1]The trial court's order under review herein also dismissed various motions filed by the mother. The mother has not appealed from the court's order; therefore, we will not address any error in connection with the dismissal of her motions.

15, 2012 hearing, the trial court issued a journal entry that provided, in relevant part, as follows:

2. Not later than Friday, June 22, 2012, the mother and father are to have downloaded and exchanged all text messages each has transmitted or received from January 1, 2012 through June 15, 2012.

3. Not later than the close of business on Monday, June 18, 2012, the mother and father shall have contacted and set an appointment with the child's mental health therapist, Ann Crowley. * * *

5. Not later than 4:00 p.m. on Monday, June 18, 2012, the father shall disclose to the mother the name and address of the father's "lady friend," and the mother shall disclose to the father the name and address of the mother's "male friend."

6. Pretrial conference is hereby scheduled for August 17, 2012 at 1:30 p.m. All parties and legal counsel shall be in attendance.

{¶4} At the pretrial held on August 17, 2012, mother acknowledged that she had not made an appointment for the child to see a therapist, as ordered in item 3 of the court's June 15, 2012 order. In response, the court dismissed all of the mother's pending pro se orders for failing to comply. The court then determined that the father had not complied with the court's order to provide the mother with the address of his "lady friend" by June 18, 2012, as ordered in item 5 of the court's June 15, 2012 order. The father explained that this individual did not want the mother to have her address, that he had a post office box for her, and that he could not presently contact her for further information. The court then dismissed the pending motions with prejudice for want of prosecution.

{¶5} The father now appeals and assigns the following errors for our review:

The trial court abused its discretion by dismissing [the father's] motions with prejudice without prior notice.

Assignment of Error 2

The trial court erred and violated the due process clause of the fourteenth amendment of the United States Constitution in the dismissal of [the father's] motions without prior notice.

{¶6} Within these assignments of error, the father maintains that the trial court's June 15, 2012 order did not specifically indicate that failure to provide the information would result in dismissal of his motions with prejudice, that his failure to provide the required information was not the result of contumacious or dilatory conduct, and that the trial court did not provide a meaningful opportunity to be heard before it dismissed the motions.

{¶7} In evaluating dismissals with prejudice for failure to provide discovery, Civ.R. 37(B) and Civ.R. 41(B) must be read in pari materia. *Ohio Furniture Co. v. Mindala*, 22 Ohio St.3d 99, 101, 488 N.E.2d 881 (1986).

{¶8} Civ.R. 37(B)(2) provides various sanctions for a failure to comply with discovery. The range includes the imposition of expenses for costs incurred in obtaining the required discovery to that of dismissal of the action, dismissal being the most harsh. Civ.R. 37(B)(2)(c). It is within the trial court's discretion to determine the particular sanction to be imposed for the particular infraction committed. *Russo v. Goodyear Tire*

*& Rubber Co.*, 36 Ohio App.3d 175, 178, 521 N.E.2d 1116 (9th Dist.1987). The *Russo* Court explained:

> [T]he trial court must consider the posture of the case and what efforts, if any, preceded the noncompliance and then balance the severity of the violation against the degree of possible sanctions, selecting that sanction which is most appropriate.
>
> In deciding, the trial court should look to several factors: the history of the case; all the facts and circumstances surrounding the noncompliance, including the number of opportunities and the length of time within which the faulting party had to comply with the discovery or the order to comply; what efforts, if any, were made to comply; the ability or inability of the faulting party to comply; and such other factors as may be appropriate.
>
> With the background of the noncompliance in mind, the trial court must then weigh the severity of the violation and balance it against the degree of possible sanctions. A violation may call for different degrees of sanctions under different circumstances. The trial court should then select that sanction which most appropriately fits the violation, in the context of the case. *Id.* at 178-179.

*Accord Anderson v. A.C. & S., Inc.*, 83 Ohio App.3d 581, 585, 615 N.E.2d 346 (9th Dist.1992).

{¶9} On review, the appellate court determines whether the trial court may have abused its discretion by being arbitrary in selecting too harsh or too lenient a sanction. *Russo* at 179.

{¶10} Civ.R. 41(B)(1) governs involuntary dismissals and states:

Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

**{¶11}** The notice requirement of Civ.R. 41(B)(1) applies to all dismissals with prejudice, including those entered pursuant to Civ.R. 37(B)(2)(c) for failure to comply with discovery orders. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 48, 684 N.E.2d 319 (1997); *Ohio Furniture Co.,* 22 Ohio St.3d at 101, 488 N.E.2d 881. A dismissal on the merits is a harsh remedy, so the due process guarantee of prior notice is required. *Id.*; *accord Sazima v. Chalko*, 86 Ohio St.3d 151, 156, 1999-Ohio-92, 712 N.E.2d 729. The purpose of providing such notice is to give the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice. *Quonset Hut*; *Logsdon v. Nichols*, 72 Ohio St.3d 124, 128, 1995-Ohio-225, 647 N.E.2d 1361.

**{¶12}** A party has notice of an impending dismissal with prejudice for failure to comply with a discovery order if the party knows that "dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." *Quonset Hut* at 49.

**{¶13}** In this case, the trial court was clearly within its discretion in sanctioning the parties and in dismissing the father's motions. The court correctly noted that because of their ongoing arguments, the parties could not deal appropriately with one another to effectively work through their disputes. Their refusal to provide the court-ordered information led the trial court to conclude that their higher priority was to simply argue

with one another rather than find a solution to a legitimate problem concerning their child.

{¶14} Nonetheless, the record does not indicate that the parties were given prior notice that the case would be dismissed with prejudice in the event that they failed to comply with the court's June 15, 2012 order. This is a harsh sanction, and the best interest of the child must be the paramount concern in evaluating any motion concerning visitation. *In re Whitaker*, 36 Ohio St.3d 213, 217, 522 N.E.2d 563 (1988). We are compelled to reverse the trial court's August 17, 2012 order insofar as it indicates that the dismissal is "with prejudice."

{¶15} The first and second assignments of error are well taken.

{¶16} Judgment reversed and cause remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR