[Cite as *Brown v. Carlton Harley-Davidson, Inc.*, 2013-Ohio-4047.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99761**

## BRUCE ANDREW BROWN, ET AL.

PLAINTIFFS-APPELLEES

vs.

## CARLTON HARLEY-DAVIDSON, INC., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-780833

**BEFORE:** Boyle, P.J., Rocco, J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 19, 2013

**ATTORNEYS FOR APPELLANTS**

John R. Conley
Christina J. Marshall
Lawrence A. Sutter
Sutter O'Connell
3600 Erieview Tower
1301 East 9th Street
Cleveland, Ohio   44114


**ATTORNEYS FOR APPELLEES**

Bruce Andrew Brown, pro se
B. Andrew Brown & Associates, L.L.C.
820 West Superior Avenue
Suite 840
Cleveland, Ohio   44113

Robert Smith, III
75 Public Square
Suite 1111
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendants-appellants, Carlton Harley-Davidson, Inc., and Jane Carlton ("Carlton") (collectively "appellants"), appeal the judgment of the Cuyahoga County Court of Common Pleas that granted the Civ.R. 12(B)(6) motion to dismiss of plaintiffs-appellees, Bruce Andrew Brown ("Brown") and B. Andrew Brown & Associates, L.L.C. ("BABLLC") (collectively "appellees"). After a careful review of the record and relevant case law, we reverse the judgment of the trial court.

## I. Factual and Procedural History

{¶2} Since April 2010, appellees have filed three separate and overlapping complaints in the common pleas court that named appellants as defendants. The first suit filed by appellees against appellants was captioned *Bruce Andrew Brown v. Suzanne Charlton, et al.*, Cuyahoga C.P. No. CV-724016 (filed Apr. 13, 2010). The claims set forth in the first suit stemmed from the allegedly improper sale of a 2008 Harley-Davidson motorcycle to Carlton Harley-Davidson, Inc. The complaint specifically alleged that Carlton acted in concert with Brown's former wife, Suzanne Charlton, and wantonly, recklessly, and negligently tendered the proceeds from the sale of the motorcycle to his former wife instead of to BABLLC, the titled and legal owner of the motorcycle.

{¶3} On September 8, 2010, appellants filed a motion for summary judgment asserting res judicata as a bar to appellees' complaint, which was granted by the trial court on February 4, 2011. However, on appeal, this court reversed the judgment of the

trial court, concluding that the doctrine of res judicata did not apply and that issues of material fact remained as to whether Brown's former wife could act under the authority of Brown's power of attorney to sell the motorcycle because it was the property of BABLLC. *Brown v. Charlton*, 8th Dist. Cuyahoga No. 96430, 2011-Ohio-4958, ¶ 15. Further, this court found that it was unclear and disputed as to whom the check proceeds should have been made payable. *Id.*

{¶4} While CV-724016 was on appeal to the Ohio Supreme Court, appellees inappropriately filed a second complaint in the common pleas court on October 5, 2011, which was designated Cuyahoga C.P. No. CV-766002. In their second complaint, appellees again named appellants as defendants and set forth allegations rooted in the same transaction at issue in the first complaint.

{¶5} Once CV-724016 was remanded to the trial court, appellants moved for consolidation of the first and second complaints, so as not to be forced to defend against the same lawsuit in two separate courts. The relevant trial courts agreed, and the cases were consolidated on February 17, 2012. After a thorough review of the facts and circumstances of these consolidated cases, the trial court determined that Brown, in his personal capacity, lacked standing to assert any of the causes of actions set forth in either complaint. As such, by April 17, 2012, the trial court had dismissed all claims brought against appellants by Brown in his personal capacity.[1]

---

[1] The remaining claims brought by BABLLC proceeded to trial on December 12, 2012. At the conclusion of the trial, the jury found in favor of appellants.

**{¶6}** Nevertheless, on April 19, 2012, appellees filed a third complaint in the common pleas court, which was designated Cuyahoga C.P. No. CV-780833. In their third complaint, appellees again attempted to set forth causes of action rooted in the same transaction on which the first two complaints were premised. In response to the filing of CV-780833, appellants filed a counterclaim requesting the trial court to designate appellees as vexatious litigators and award appellants appropriate relief, including attorney fees.

**{¶7}** On June 5, 2012, appellees filed a motion to dismiss appellants' counterclaim pursuant to Civ.R. 12(B)(6), arguing that the counterclaim failed to state a cognizable claim. While appellees' motion to dismiss was pending, appellants filed a motion for partial judgment on the pleadings, arguing again that Brown lacked standing to assert any of the causes of action set forth in the third complaint. On August 31, 2012, the trial court granted appellants' motion for partial judgment on the pleadings and dismissed all claims brought by Brown in his personal capacity. As a result of the trial court's judgment, appellees' only remaining claims in CV-780833 were those asserted by BABLLC. On September 17, 2012, BABLLC filed a voluntary dismissal of all remaining claims.

**{¶8}** On March 20, 2013, the trial court granted appellees' motion to dismiss appellants' counterclaim stating,

> [appellees'] motion to dismiss for failure to state a claim for which relief can be granted, is granted because [appellants] failed to state allegations in their counterclaim which satisfy the statutory requirements of R.C. 2323.52. * * * This matter is hereby dismissed with prejudice.

**{¶9}** Appellants now bring this timely appeal, raising one assignment of error for review:

> I. The trial court committed reversible error in granting plaintiffs/appellees' Civ.R. 12(B)(6) Motion to Dismiss for Failure to State a Claim, after appellants sufficiently pled their counterclaim for vexatious litigation, pursuant to Ohio Revised Code 2323.52.

## II. Law and Analysis

**{¶10}** In their sole assignment of error, appellants argue that the trial court committed reversible error in granting appellees' Civ.R. 12(B)(6) motion to dismiss for failure to state a claim.

### A. Civ.R. 12(B)(6)

**{¶11}** When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5.

**{¶12}** A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th

Dist.1995), citing *Perez v. Cleveland*, 66 Ohio St.3d 397, 613 N.E.2d 199 (1993); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988); *Phung v. Waste Mgt., Inc.*, 23 Ohio St.3d 100, 491 N.E.2d 1114 (1986).

{¶13} Thus, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Citations omitted in original.) *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

### B. Vexatious Litigator Statute

{¶14} Ohio's vexatious litigator statute, codified under R.C. 2323.52, expressly creates a cause of action by which

> a person * * * who has defended against habitual and persistent vexatious conduct * * * may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator.

R.C. 2323.52(B).

{¶15} Before a court can designate a person a vexatious litigator, it must find that person has

> habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, * * * whether the person or another person instituted the civil action or actions, and whether the

vexatious conduct was against the same party or against different parties in the civil action or actions.

R.C. 2323.52(A)(3).

**{¶16}** "Vexatious conduct" means conduct of a party in a civil action that satisfies *any* of the following:

(a)  The conduct obviously serves merely to harass or maliciously injure another party to the civil action.

(b)  The conduct is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law.

(c)  The conduct is imposed solely for delay.

R.C. 2323.52(A)(2).

The purpose of the vexatious  litigator statute is clear.  It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state.  Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources — resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation.

*Mayer v. Bristow*, 91 Ohio St.3d 3, 13, 740 N.E.2d 656 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998).

**{¶17}** Applying a de novo standard of review, we turn to the critical issue on appeal — whether appellants' counterclaim stated a claim upon which relief can be granted.

## C. Allegations of the Counterclaim

**{¶18}** In this case, we find that the trial court erred in dismissing appellants' counterclaim pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. Our review of the complaint reveals that appellants set forth the basis of their allegations of vexatious litigation by outlining the procedural history of the multiple overlapping lawsuits filed against them by appellees since April 2010. Specifically, the counterclaim highlights appellees' act of filing the second complaint while the first complaint was still pending and filing the third complaint just two days after the trial court dismissed Brown in his personal capacity for lack of standing. In addressing the express elements of R.C. 2323.52, appellants' counterclaim alleged the following:

> 26. Bruce Andrew Brown and B. Andrew Brown & Associates LLC habitually, persistently and without reasonable grounds engaged in vexatious conduct in civil actions * * * filed against Jane Carlton and Carlton Harley-Davidson.
>
> 27. Mr. Brown's conduct obviously serves to harass or maliciously injure * * * Jane Carlton and Carlton Harley-Davidson.
> 28. Mr. Brown's conduct is not warranted under existing law and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.
>
> 29. * * * Jane Carlton and Carlton Harley-Davidson * * * have suffered severe mental anguish and distress.
>
> 30. [Jane Carlton and Carlton Harley-Davidson] were forced to go through with the expensive, cumbersome, and troubling process of defending themselves in a lawsuit, brought for no other purpose than to continually harass, intimidate, and cause emotional distress * * *.

**{¶19}** We note that the pleadings also set forth numerous examples of Brown's vexatious conduct against unrelated parties in Ohio civil and criminal trial courts,

appellate courts, and federal courts. However, those portions of the counterclaim do not impact our analysis of whether appellees' conduct against appellants constituted vexatious litigation.

{¶20} Nevertheless, accepting appellants' allegations as true, and making all reasonable inferences in favor of appellants, we find that the counterclaim presented a set of facts that could result in a ruling in appellants' favor. Contrary to the trial court's finding, the complaint sets forth the elements of a vexatious litigator, as defined under R.C. 2323.52, and presents facts, i.e., appellees' series of repetitive, and allegedly unwarranted, complaints filed against appellants, to demonstrate that those elements were met in this case. Accordingly, appellant's complaint was sufficient to withstand a Civ.R. 12(B)(6) motion.

{¶21} We again emphasize that in our analysis we are obligated to presume the truth of all facts alleged in the complaint. Thus, we note that our holding here does not, in any manner, express our view with respect to the merits of appellants' counterclaim, but only expresses our view that the Civ.R. 12(B)(6) dismissal was improper.

{¶22} Based on the foregoing reasons, we sustain appellants' assignment of error, reverse the trial court's judgment, and remand for further proceedings necessary to address the substantive merits of the appellant's vexatious litigation claim.

{¶23} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellants recover of said appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN A. GALLAGHER, J., CONCUR