[Cite as *In re T.D.J.*, 2014-Ohio-5684.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100972

IN RE: T.D.J., III
A Minor Child

[Appeal By S.M.J., Mother]

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU-09113269

BEFORE: Celebrezze, J., Boyle, A.J., and Keough, J.

RELEASED AND JOURNALIZED: December 24, 2014

**FOR APPELLANT MOTHER**

S.M.J., pro se
P.O. Box 32706
Euclid, Ohio   44132


**FOR APPELLEE FATHER**

T.J., Jr., pro se
2982 E. 59th Street
Cleveland, Ohio   44127

FRANK D. CELEBREZZE, JR., J.:

{¶1}    Appellant-mother, S.M.J. ("mother"), appeals from the denial of her motion to modify custody and the grant of a motion to modify custody filed by appellee-father, T.J., Jr. ("father"), giving him legal custody of their minor child.    Mother assigns three errors related to that decision and the denial of other motions.    After a thorough review of the record and law, we reverse for a new hearing.

## I. Factual and Procedural History

{¶2} Mother and father entered into a shared parenting agreement in 2009.    However, problems arose between the parents that resulted in a number of reports of abuse and neglect to Cuyahoga County Department of Children and Family Services ("CCDCFS"), the police, and others.    The investigations that resulted all ended with findings that the allegations were unsubstantiated.    Prior to August 17, 2012, the parties had filed numerous motions, but in a tense hearing on that date, the trial judge dismissed all motions except two for failure to prosecute by failing to abide by court orders.    The court indicated a long history of fighting between mother and father with little concern for the best interest of the child.    This court reversed the dismissals of father's motions for failure to properly inform the parties that failure to comply would result in dismissal.    *In re T.D.J., III*, 8th Dist. Cuyahoga No. 98963, 2013-Ohio-1454.

{¶3} From March 30, 2012, to the October 28, 2013 trial date, the parties filed more than 31 motions with the court seeking sanctions, modification of custody, emergency custody, to show cause, and a myriad of other things.    The trial court held a two-day hearing on these motions and those subject to this court's reversal, which began on October 28, 2013.    The trial court issued a ten-page opinion on December 31, 2013, disposing of the motions.    The trial court dismissed the motions of both mother and father that sought sanctions and to declare either

party a vexatious litigator because the declaration of a party as a vexatious litigator could not come by motion in the present litigation. The trial court also ruled on several motions together that sought some type of change of custody and determined a modification of custody was necessary due to changes in circumstances and was in the child's best interest. It made father the sole custodial parent and modified mother's visitation from every other week to every other weekend. The court also imposed several conditions for visitation including that mother refrain from interfering with the child's education and therapy, which the court found she had done prior to trial.[1]

{¶4} Mother appeals from the court's decision, assigning three errors for review:

I. The trial court abused its discretion by granting [an] oral motion during trial dismissing all of appellant's witnesses violating Judicial Code 2.6.

II. The trial court abused its discretion in granting appellee sole custody when the weight of the evidence shows change of circumstance with child and appellee violating R.C. 3109.04(E)(1)(a).

III. The trial court abused its discretion dismissing with prejudice appellant's motions violating Ohio Judicial Code 2.15.

## II. Law and Analysis

### A. Exclusion of Witnesses

{¶5} Mother first argues that the trial court erred in excluding her from calling any witnesses other than herself. Although she couches this assigned error in terms of violating a cannon of judicial ethics, this court interprets this argument as alleging that the trial court abused its discretion in granting father's motion to exclude these witnesses.

{¶6} Because this court has no authority to enforce the code of judicial conduct, we cannot address the other aspect of mother's assigned error and her third assignment of error.

---

[1] The principal of the school the child was attending testified as to mother's behavior and the child's absences that resulted in his expulsion from preschool.

That is exclusively the province of the Ohio Supreme Court. Mother has already filed affidavits of disqualification related to the trial judge and grievances against appellant's former attorney. She has properly availed herself of the available remedy.[2]

**{¶7}** At the commencement of trial, father moved to preclude mother from calling any witnesses other than herself. Father stated that he had not been served with any notices of subpoena as required by Civ.R. 45(A)(3) and did not have an opportunity to object to the subpoenas. Mother had subpoenaed more than 22 witnesses, and eight were present that day to testify. Mother admitted that she failed to serve notice on father, but blamed the clerk's office for the failure. She admitted that she did not have any certificates of service and that she did not provide notices to father regarding the subpoenas. However, father had been provided a witness list that included all the subpoenaed witnesses. The trial court granted father's motion to exclude those subpoenaed witnesses for which no notice of subpoena was received.

**{¶8}** Civ.R. 45(A)(3) provides:

A party on whose behalf a subpoena is issued under division (A)(1)(b)(ii), (iii), (iv), (v), or (vi) of this rule shall serve prompt written notice, including a copy of the subpoena, on all other parties as provided in Civ.R. 5. If the issuing attorney modifies a subpoena issued under division (A)(1)(b)(ii), (iii), (iv), (v), or (vi) of this rule in any way, the issuing attorney shall give prompt written notice of the modification, including a copy of the subpoena as modified, to all other parties.

The Staff Notes accompanying the 2005 amendment to the rule state:

The notice requirement of amended Civ.R. 45(A)(3), like its counterpart in Rule 45(b)(1), Federal Rules of Civil Procedure, is intended "to afford other parties an opportunity to object to the production or inspection, or to serve a

---

[2] Mother's affidavit of disqualification was denied by the Ohio Supreme Court on October 19, 2012.

demand for additional documents or things." Advisory Committee's Note to 1991 Amendments to the Federal Rules of Civil Procedure; see, e.g., *Spencer v. Steinman*, 179 F.R.D. 484, 488 (E.D.Pa. 1998).

No penalty is prescribed for a party's violation of the notice requirement. *Schultz v. Mayfield Neurological Inst.*, 1st Dist. Hamilton No. C-120764, 2013-Ohio-4146, ¶ 21.

{¶9} A reading of Civ.R. 45(A)(1)(b) indicates that Civ.R. 45(A)(3)'s notice requirement was applied in error to the present case. Civ.R. 45(A)(1)(b)(i), which is not included in the notice requirement provision, "command[s] each person to whom it is directed * * * to * * * attend and give testimony at a trial or hearing at any place within this state[.]" The types of subpoenas that are included in the notice requirement are for production, inspection, copying, or testing of documents, records, or tangible items at any deposition, trial or hearing; or for entry onto lands. Civ.R. 45(A)(1)(b)(ii)-(vi). It appears that several witnesses, including a representative of the hospital in possession of the child's medical records and representatives from the organizations that provided psychological services to the child, were subpoenaed with instructions to bring records and would qualify for the notice provision above. However, several others were simply subpoenaed to appear to testify.

{¶10} Civ.R. 45(A)(3) does not require mother to serve notice of subpoenas to father for the witnesses appearing only to testify at trial. *Cauwenbergh v. Cauwenbergh*, 11th Dist. Ashtabula No. 2006-A-0008, 2007-Ohio-1070, ¶ 61. Therefore, the trial court erred in granting father's motion to exclude all of mother's witnesses at trial. This was obviously prejudicial because it precluded mother from introducing any testimony except her own.[3]

---

[3] The trial court classified this as a ruling on a motion in limine, but also instructed mother to send her witnesses home. Mother raised the subject again during trial, but the court instructed her that it had already ruled, and she was precluded from calling witnesses. Therefore, mother has appropriately preserved her objection to this ruling.

{¶11} Many of the issues raised by mother at the hearing were not relevant to the ultimate determination of whether there was a change in circumstances that would dictate a modification in custody based on the best interest of the child, but we cannot say that exclusion of properly subpoenaed witnesses was harmless error. Therefore, the trial court's decision granting father's motion was error, and the case must be remanded for a new trial on the motions affected by this error.

{¶12} Mother's first assignment of error is sustained. This renders her second assignment of error moot.

### III. Conclusion

{¶13} The trial court erred in precluding mother from calling witnesses at trial. Mother was not required to send notice of subpoenas to father pursuant to Civ.R. 45(A)(3) for witnesses who were simply appearing to testify. A new trial must be conducted on the motions affected by this error. This includes motions the trial court denied due to mother's failure to produce evidence that would be impacted by the above decision and especially the motions seeking a change in custody. Specifically, mother's September 10, 2012 motion to strike all of father's pleadings based on fraud on the court; mother's four motions for contempt filed October 29, 2012, March 28, 2013, March 28, 2013, and April 3, 2013; father's show cause motions filed June 17, 2013, and September 23, 2013; father's motions related to visitation filed March 30, 2012, and July 16, 2012; mother's motions for temporary custody filed on September 7, 2012, and March 28, 2013; mother's motions to modify custody and exchange location filed March 29, 2013; and mother's motion to cease and desist from allowing certain persons to act as care givers, filed May 29, 2013.

{¶14} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR