[Cite as *In re T.D.J.*, 2016-Ohio-293.]

# Court of Appeals of Ohio

EIGHT APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 102772

---

## IN RE:   T.D.J., III

[Appeal by S.M.J., Mother]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AC-14-10616

**BEFORE:**   Laster Mays, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   January 28, 2016

**FOR APPELLANT**

S.M.J., pro se
P.O. Box 32706
Euclid, Ohio 44132


**FOR APPELLEE**

T.J., pro se
2982 E. 59th St.
Cleveland, Ohio 44127

ANITA LASTER MAYS, J.:

{¶1} Appellant S.M.J. ("SMJ" or "mother") appeals, pro se, by leave of court the January 15, 2015 order of the Cuyahoga County Common Pleas Court, Juvenile Division, declaring her to be a vexatious litigator. We reverse and remand.

## I.   BACKGROUND AND FACTS

{¶2} SMJ and T.J., Jr. ("TJ" or "father") have been before this court previously in the ongoing battle over legal custody of their minor child. We most recently entertained the parties in *In re T.D.J.*, 8th Dist. Cuyahoga No. 100972, 2014-Ohio-5684 *("TDJ II")*, which was preceded by our opinion in *In re T.D.J.*, 8th Dist. Cuyahoga No. 98963, 2013-Ohio-1454 ("*TDJ I*").

{¶3} We extract the history from *TDJ II* to provide the foundation for the case before us:

> Mother and father entered into a shared parenting agreement in 2009. However, problems arose between the parents that resulted in a number of reports of abuse and neglect to Cuyahoga County Department of Children and Family Services ("CCDCFS"), the police, and others. The investigations that resulted all ended with findings that the allegations were unsubstantiated. Prior to August 17, 2012, the parties had filed numerous motions, but in a tense hearing on that date, the trial judge dismissed all motions except two for failure to prosecute by failing to abide by court orders. The court indicated a long history of fighting between mother and father with little concern for the best interest of the child. This court reversed the dismissals of father's motions for failure to properly inform the parties that failure to comply would result in dismissal. *In re T.D.J., III*, 8th Dist. Cuyahoga No. 98963, 2013-Ohio-1454.
>
> From March 30, 2012, to the October 28, 2013 trial date, the parties filed more than 31 motions with the court seeking sanctions, modification of

custody, emergency custody, to show cause, and a myriad of other things. The trial court held a two-day hearing on these motions and those subject to this court's reversal, which began on October 28, 2013. The trial court issued a ten-page opinion on December 31, 2013, disposing of the motions. The trial court dismissed the motions of both mother and father that sought sanctions and to declare either party a vexatious litigator because the declaration of a party as a vexatious litigator could not come by motion in the present litigation. The trial court also ruled on several motions together that sought some type of change of custody and determined a modification of custody was necessary due to changes in circumstances and was in the child's best interest. It made father the sole custodial parent and modified mother's visitation from every other week to every other weekend. The court also imposed several conditions for visitation including that mother refrain from interfering with the child's education and therapy, which the court found she had done prior to trial.

*In re T.D.J.,* 8th Dist. Cuyahoga No. 100972, 2014-Ohio-5684, ¶ 2-3.

**{¶4}** SMJ offered three errors for review in *TDJ II*. Pertinent to the instant case, we held:

The trial court erred in precluding mother from calling witnesses at trial. Mother was not required to send notice of subpoenas to father pursuant to Civ.R. 45(A)(3) for witnesses who were simply appearing to testify. A new trial must be conducted on the motions affected by this error. This includes motions the trial court denied due to mother's failure to produce evidence that would be impacted by the above decision and especially the motions seeking a change in custody. Specifically, mother's September 10, 2012 motion to strike all of father's pleadings based on fraud on the court; mother's four motions for contempt filed October 29, 2012, March 28, 2013, March 28, 2013, and April 3, 2013; father's show cause motions filed June 17, 2013, and September 23, 2013; father's motions related to visitation filed March 30, 2012, and July 16, 2012; mother's motions for temporary custody filed on September 7, 2012, and March 28, 2013; mother's motions to modify custody and exchange location filed March 29, 2013; and mother's motion to cease and desist from allowing certain persons to act as care givers, filed May 29, 2013.

*Id.* at ¶ 13. The opinion was released and journalized on December 24, 2014.

## II. STANDARD OF REVIEW

**{¶5}** We apply an abuse of discretion standard to our analysis. "[A] trial court should be granted deference in matters of this nature and our interference is bridled by the abuse of discretion standard. Clearly, a trial court should be armed with the weapons necessary to control its docket and administer justice." *Pisani v. Pisani*, 8th Dist. Cuyahoga No. 74799, 1999 Ohio App. LEXIS 5469, *3 (Nov. 18, 1999)

## III. LAW AND ANALYSIS

**{¶6}** We look to the purpose of the vexatious litigator statute codified at R.C. 2323.52 to determine whether a declaration will be upheld:

> "The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of Ohio. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources; resources that are supported by the taxpayers of Ohio. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation." *Mayer v. Bristow*, 91 Ohio St.3d 3, 13, 740 N.E.2d 656 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50, 724 N.E.2d 458 (10th Dist.1998).

*Brown v. Carlton Harley-Davidson, Inc.*, 8th Dist. Cuyahoga No. 99761, 2013-Ohio-4047, ¶ 16.

**{¶7}** "Behavior that is more consistent with that of an inexperienced litigant should not trigger the vexatious litigator designation under R.C. 2323.52." *Mayer* at 14:

> In short, the vexatious litigator designation is an extraordinary remedy that should be applied in very limited circumstances, on clear and convincing evidence that a pro se litigant persistently and habitually uses the legal process solely to harass another party or delay an ultimate resolution in the legal proceeding.

*Lasson v. Coleman*, 2d Dist. Montgomery No. 21983, 2008-Ohio-4140, ¶ 33.

**{¶8}** Our holding in *TDJ II* found merit in SMJ's appeal regarding the omission of all of her trial witnesses and specifically directed that the trial court conduct a new trial and revisit all motions affected by the error. *Id.* at ¶ 13.   The vexatious litigation hearing was held on December 18, 2014. Our decision was released and journalized on December 24, 2014.

**{¶9}** The vexatious litigator entry was issued on January 15, 2015, prior to the inception of a new trial and revisiting the motions directly affected by our determination. In light of this finding, it cannot be said that SMJ's filings lacked merit, were not warranted under existing law, and were proffered merely for harassment or delay.   *Brown* at ¶ 7; *Pisani v. Pisani,* 8th Dist. Cuyahoga No. 74799, 1999 Ohio App. LEXIS 5469, at *5 (Nov. 18, 1999).

**{¶10}** We recognize that both parties have filed, according to the trial court's entry, 154 motions and that SMJ is ahead by a 30 percent ratio. While we reverse the declaration in this case based on the concurrent release of our opinion in *TDJ II* and the vexatious litigation determination, we in no way desire to impede or place a chilling effect on the trial court's inherent power to "curb frivolous litigation practices and control and * * * protect the integrity of their own processes." (Citation omitted.)   *Mayer v. Bristow*, 91 Ohio St.3d 3, 17, 740 N.E.2d 656 (2000).

**{¶11}** We strongly recommend that the parties be warned that continuously taxing  "the limited resources of this court and other courts through filings of numerous appeals and original actions * * * that are not reasonably grounded in fact or warranted by

existing law shall result in being declared a vexatious litigator pursuant to Loc.App.R. 23(B)." *State v. Keith,* 8th Dist. Cuyahoga Nos. 102106, 102107, and 102108, 2015-Ohio-2401, ¶ 24. *See also Catudal v. Netcare Corp.,* 10th Dist. Franklin No. 15AP-133, 2015-Ohio-4044, ¶ 4 stating:

> We * * * agree with the trial court that a warning was proper, given the huge number and questionable merits of appellant's filings.

*Catudal v. Catudal*, 10th Dist. Franklin No. 12AP-951, 2013-Ohio-2748, ¶ 21.

**{¶12}** We find merit to SMJ's appeal. We reverse and vacate the trial court's judgment of January 15, 2015, declaring SMJ to be a vexatious litigator, and any subsequent amendments thereto. The trial court is ordered to enter judgment consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the juvenile court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR